### Wellington W. Aurand v. David L. Martin et al.

1. Mechanics' Liens—*Laws to be Strictly Construed.*—Mechanics' lien laws are in derogation of the common law and must be strictly construed.

2. Same—*Sufficient Statement of a Lien.*—Where a person filed a claim. stating that he claimed a lien for the sum of $1,818 on the three lots situated in different parts of the city (describing them) for work done and material furnished in and about the construction of three dwelling-houses thereon, etc., but without showing what buildings had been constructed upon each lot, or the amount of the indebtedness apportioned among the lots, *it was held* that the statement was not sufficient.

Mechanics' Liens.—Appeal from the Circuit Court of Whiteside County; the Hon. Frank D. Ramsey, Judge, presiding. Heard in this court at the October term, 1899. Affirmed. Opinion filed February 1, 1900.

Renner & Smith, attorneys for appellant.

A. A. Wolfersperger and F. E. Andrews, attorneys for appellees.

Mr. Justice Higbee delivered the opinion of the court.

This was a bill to enforce a mechanic's lien, by appellant, against three lots in the city of Sterling, two of which were adjoining in the west end of the city, and the other in the east end, some sixteen to twenty blocks distant. On May 22, 1896, appellant entered into a verbal contract with Douglas L. Maxwell to construct three dwelling houses of the same description and with the same outbuildings upon said lots, for the sum of $1,818.

It appears that at the time of making the contract for the buildings, Maxwell had a deed to one of the lots and contracts for deeds to the other lots but that prior to the commencement of this suit he had parted with all title and interest thereto. On October 16, 1896, appellant filed his claim of lien, verified by his affidavit, with the clerk of the Circuit Court, in which he stated that he claimed a lien for the sum of $1,818 on the three lots, describing them, for work done and material furnished in and about the building and construction of three dwelling-houses and outbuildings thereon, in furtherance of said contract entered into by him with said Maxwell; that work was commenced within thirty days and completed on August 15, 1896, at which time the contract price was due and payable; that there was then due and unpaid on said contract the sum of $1,818. Said claim of lien did not show what buildings had been constructed upon each lot and the amount of the indebtedness was not apportioned among the lots, but was stated in one entire sum. The court below found that the equities of the case were with the appellees, denied the claim for a lien asked by appellant and dismissed the bill.

It was charged in the bill and there was some evidence introduced for the purpose of showing that certain of appellees knew of the contract between appellant and said Maxwell, and connived together to cheat, swindle and defraud appellant and prevent him from collecting and enforcing his claim for lien. The charge of fraud, however, was not sustained by a preponderance of the evidence, and for the purposes of this suit, the appellees, who own the lots in

question, must be treated as innocent purchasers without actual notice of appellant's claim. The question then arises whether appellant could secure a lien by filing a claim for a single amount against the three lots, one of which was situated in a distant part of the city from the others. Under the mechanics' lien law as it existed prior to 1895, it was repeatedly held that the lien given to mechanics or material men was purely statutory, and that one who failed to substantially comply with its terms and provisions, could not take advantage of it. Buckley v. Commercial National Bank, 171 Ill. 284. The law as it then stood provided that the person furnishing the labor or materials, etc., in building, altering, repairing or ornamenting any house, should have a lien upon the whole of the tract of land upon which such house or building and appurtenances stood, for the amount due him for such labor, material or services. Hurd's Stat., 1893, Chap. 82, Sec. 1.

In Buckley v. Commercial National Bank, *supra*, in construing that law it was said, in speaking of a lien for a single amount for labor and material furnished for seven houses erected upon as many adjoining sub-lots, that " each of these houses and lots being a separate and distinct piece of property, and the law being that appellants could only enforce a lien against each for the work and material furnished on it, it would seem to follow that a reasonable compliance with the foregoing sections of the statute required appellants to in some way indicate in their statement the amount which they claimed against each. Manifestly the purpose of requiring the statement to be filed is that third persons dealing with the property shall have notice of the amount, nature and character of the lien as well as the times when the material was furnished or labor performed and thus enable them to know from the claim itself that it is such as can be enforced."

Section 1 of the revision of the mechanic's lien law of 1895 provides that any person furnishing labor or material, etc., for improving a lot, shall be known as a contractor, " and shall have a lien upon the whole of such tract of land

or lot and upon the adjoining or adjacent lots of such owner constituting the same premises and occupied or used in connection with such lot as a place of residence or business; and in case the contract be entire and relate to two or more buildings on adjoining or adjacent lots of the same owner, upon all of said lots and the improvements thereon, for the amount due to him for such material, fixtures, apparatus, machinery, services or labor."

Section 7 provides for the filing of the claim for a lien duly verified within four months after the last payment upon the contract shall have become due and payable, with the clerk of the Circuit Court of the county in which the premises are situated, "which shall consist of a brief statement of the contract, the date the same was made, the date fixed therein or the time implied for completion and for final payment, and the date that the same was completed, if completed, the balance due after allowing all credits, and a sufficiently correct description of the lot, lots or tract of land to pass the title thereof by deed of conveyance."

Section 17 provides that "where the contract for material or labor is entire and relates to houses on different lots, the court shall apportion the amount of the lien and costs on each house and lot according to the value thereof and direct the sale of each house and lot separately to satisfy the amount of the lien and costs apportioned against it, and if the same shall not sell for sufficient to pay such amount shall order the deficiency paid out of the surplus proceeds of the sale of any other of said houses and lots covered by such lien."

Under this law, then, where the contract is entire and two or more buildings are built on adjoining or adjacent lots of the same owner, the contractor has a lien for the whole amount due him upon all of said lots, and in such case the court must apportion the amount of the lien and costs on each house and lot according to the value. Sections 1 and 17, when construed together, evidently provide for the apportionment of the amount of the lien and costs only in cases where the different lots on which the several houses are erected are adjoining or adjacent.

We find nothing in the statute as it now exists, authorizing a contractor to file a single lien for the whole amount due him for labor and material furnished in the erection of houses located on lots which are not adjoining or adjacent to one another. As appellant has failed to substantially comply with the terms and provisions of the statute in filing his claim for a lien against the lots in question, the same can not be enforced. He could no doubt easily have apportioned the amount claimed to be due to him for the buildings erected upon the several lots, placing, if he so desired, the amount of the lien claimed upon the two adjoining lots in one amount, but having failed to do so, he can not now justly complain.

The decree of the Circuit Court denying appellant's claim for a lien and dismissing his bill was proper, and is accordingly affirmed.